NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 6 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10412 |
| Plaintiff-Appellee, | D.C. No. 3:01-cr-01062-DGC-3 District of Arizona |
| v. | |
| JOHNNY ORSINGER, AKA Johnnie Orsinger, | MEMORANDUM* |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10413 |
| Plaintiff-Appellee, | D.C. No. 3:01-cr-01072-DGC-5 |
| v. | |
| JOHNNY ORSINGER, AKA Johnnie Orsinger, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Argued and Submitted August 15, 2017
San Francisco, California

---

*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: O'SCANNLAIN and RAWLINSON, Circuit Judges, and EZRA,** District Judge.

Johnny Orsinger asks this Court to vacate his life sentences for four murders and to remand for re-sentencing. The facts of this case are known to the parties, and we do not repeat them here. We have jurisdiction pursuant to 28 U.S.C. § 1291.

I

Orsinger argues that the district court erred at his re-sentencing by failing properly to consider his claim that he was not permanently incorrigible and hence ineligible for a life sentence under *Montgomery v. Louisiana*, 136 S. Ct. 718, 734 (2016), which held that *Miller v. Alabama*, 567 U.S. 460, 472 (2012), bars a sentence of life without parole "for all but the rarest of juvenile offenders, those whose crimes reflect permanent incorrigibility." Although the district court did not use the specific word "incorrigible," it did recognize that *Miller* permits life sentences for juvenile offenders only in "uncommon" cases, 567 U.S. at 479, and the court made a finding that Orsinger did indeed fit within that "uncommon" class of juvenile offenders. That conclusion was appropriately supported by a detailed consideration of the evidence viewed through the light of the factors identified in

**         The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

*Miller* and in 18 U.S.C. § 3553(a).

Orsinger also takes issue with the district court's focus on the heinous nature of his crimes. It is true that the heinousness was a key part of the court's analysis, but *Miller* allows—and in fact expects—a sentencing court to consider the nature of the offense as part of its analysis. 567 U.S. at 479–80 (tasking sentencing judges with differentiating between "the juvenile offender *whose crime reflects* unfortunate yet transient immaturity, and the rare juvenile offender *whose crime reflects* irreparable corruption.") (emphasis added) (quoting *Roper v. Simmons*, 543 U.S. 551, 573 (2005)). There was thus no error in the district court's considering the heinousness of the crimes.

## II

Orsinger also argues that his sentence violates the Eighth Amendment because he is, in fact, not one of the incorrigible juvenile offenders for whom a life sentence is permissible. He specifically points to evidence of rehabilitation that he believes establishes he is not incorrigible. The district court did consider the evidence that Orsinger had improved himself while imprisoned, but it did not find that sufficient to outweigh the countervailing evidence that Orsinger was one of the uncommon juvenile offenders for whom a life sentence was warranted. Orsinger is correct that he put forth evidence of rehabilitation, but we are persuaded that there are, at the very least, "two permissible views of the evidence" as to his

3

incorrigibility, so "the factfinder's choice between them cannot be clearly erroneous." *Anderson v. City of Bessemer City*, 470 U.S. 564, 574 (1985).[1]

**AFFIRMED.**

---

[1]    Orsinger also argues preemptively that his appeal waiver does not preclude his challenge to his sentence, but because the government agrees with him, we do not consider the issue.